## SYKES v. GOLDSBOROUGH'S EXECUTOR.

Court of Common Pleas. Kent. May, 1796.

*Bayard's Notebook, 137.*\*

*Miller* for defendant contended that the issue was triable by the court upon the certificate of the register, and cited 1 Com. Dig., Title "Abatement," J. 14.

SED, PER CURIAM. The issue is matter of fact and therefore proper for a jury. The defendant may be executor in his own wrong, which is matter *in pais*.

The jury were then sworn and it now occurring to the defendant's counsel that in case the issue should be in favor of the plaintiff that he would be entitled to final judgment, he moved to amend by withdrawing the plea in abatement and pleading in chief, insisting that the Court had ample power for the purpose given them by the Constitution, and he cited Comb. 419 and Dall. 458 to show that it was in time to move for an amendment after the jury was sworn.

PER CURIAM. It is not suggested that there is any defect in the pleadings. There is no error or mistake in form, but the defendant has chosen a bad defense and wishes now to substitute

---

\* This case is also reported in *Clayton's Notebook, 15.*

a different one. There is certainly nothing to amend. The record could not be rendered more unexceptionable, the defect is in the evidence of the party who cannot support the fact on which he relied. If the defendant had pleaded *non est factum*, and, after the jury was sworn, discovered he had mistaken his ground, it would be as regular to move for leave to plead a different plea. And if this indulgence were granted to a defendant in his defense, the plaintiff might claim it as to his action. And if amendments were carried to such an extent, they would embarrass much more than advance the administration of justice.

Defendant took nothing by his motion.

*Ridgely* and *Bayard* for plaintiff.